## Minster v. Philadelphia Rapid Transit Company, Appellant.

Argued October 18, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Philip Price,* and with him *Bernard J. O'Connell,* for appellant.

*E. Spencer Miller,* for appellee.

OPINION BY KELLER, J., January 4, 1935:

This was an action of trespass to recover the damages alleged to have been suffered by the plaintiff, while a passenger on a car operated by the defendant on its elevated line, by the premature closing of the doors of the car from which she was alighting, at the defendant's station at 52d and Market Streets, throwing her against a post on the platform and badly injuring her.

The doors were operated mechanically by the conductor, and could not be closed or opened except by him.

There was sufficient evidence produced by the plaintiff to support her averments of defendant's negligence and make out a case for the jury; and the jury evidently believed her and her witnesses rather than the witnesses called by the defendant.

At the trial the defendant presented a point for binding instructions, but on appeal presses only matters which would call for a new trial.

Its principal reason for asking for a new trial is that the trial judge in his charge did not submit to

the jury, as a question of fact to be decided by them, whether the plaintiff was late in attempting to get off, and started to pass through the doors while they were in the act of being closed. The difficulty with this theory is that there was no evidence to support it. While the defendant's conductor, who opened and closed the doors, testifying for the defendant, said that the plaintiff "started out of the doors" after he "started to close them," he also said immediately afterwards, *"the doors had not moved a particle hardly* when I reversed the doors;" that is, although he had *started* to close the doors before she began to go through them, he reversed the operation before the doors had moved to any appreciable extent, and the closing of the doors had nothing to do with her fall, which, it was alleged, was due to some other cause, such as tripping on the platform or the giving way of her ankle.

The court's charge to the jury should be confined to a discussion of the facts in evidence and the law applicable to them; it may properly omit all reference to a theory which is not in accord with the evidence on either side. The questions of fact were for the jury: Penna. R. Co. v. Peters, 116 Pa. 206, 9 A. 317, and we find no error in their submission by the court. The judgment is affirmed.